UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LASER SPA OF ROCHESTER, LLC,
*doing business as* Spitale Laser Spa Salon,

               Plaintiff,                     **DECISION & ORDER**

      v.                                 Case # 20-cv-6308-FPG

ERIE INSURANCE COMPANY,

               Defendant.

_____

## INTRODUCTION

Plaintiff Laser Spa of Rochester, LLC ("Laser Spa") filed this action on May 12, 2020, against Defendant Erie Insurance Company ("Erie"). The case arises out of Laser Spa's business losses suffered during the COVID-19 pandemic and is one of more than 180 similar actions pending in federal courts across the county. *See* ECF No. 18 ¶ 1. Laser Spa seeks a declaratory judgment that the insurance policy it holds with Erie provides Laser Spa coverage for business interruption losses. *See* ECF No. 1.

On June 9, 2020, Erie filed a motion to dismiss Laser Spa's Complaint for failure to state a claim. ECF No. 5. Laser Spa did not respond to Erie's motion and instead moved this Court for an order staying all deadlines pending a decision by the Joint Panel on Multi-District Litigation ("JPML") on whether to consolidate actions related to insurance coverage for COVID-19 business interruption losses. *See* ECF No. 18 ¶ 4 (referencing *In re: COVID-19 Business Interruption Protection Ins. Litig.*, Dkt. No. MDL-2942). By Text Order dated July 1, 2020, the Court granted Laser Spa's motion for a stay and directed the parties to issue a status report after the JPML's hearing on consolidation on July 30, 2020. ECF No. 21. The parties subsequently notified the

Court that the JPML had denied motions for consolidation of the actions and the Court directed

Laser Spa to respond to Erie's pending motion to dismiss by September 21, 2020. *See* ECF No.

25; ECF No. 26.

On the response deadline, Laser Spa filed another stay motion (the motion at hand),

requesting the Court to stay proceedings pending the JPML's consideration of a motion to

consolidate cases against Erie (as opposed to the industry-wide consolidation which the JPML

previously rejected). ECF No. 28.

For the foregoing reasons, Laser Spa's motion to stay, ECF No. 28, is DENIED. Laser Spa

is directed to respond to Erie's pending motion to dismiss no later than October 12, 2020. No

further extensions will be granted. Erie may reply to Laser Spa's response by October 27, 2020.

## DISCUSSION

### I.     Motion to Stay

"A district court's power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the cases on its docket with economy of time and effort for itself,

for counsel, and for litigants." *Liguori v. Wells Fargo Bank, N.A.*, No. 19 CV 10677 (VB), 2020

WL 5370709, at *3 (S.D.N.Y. Sept. 8, 2020) (citation and internal citation marks omitted). In

deciding whether to grant a stay, courts in this circuit consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil
> litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private
> interests of and burden on the defendant[ ]; (3) the interests of the courts; (4) the
> interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). In addition, "[t]he party

moving for a stay must make out a clear case of hardship or inequity in being required to go

forward, if there is even a fair possibility that the stay for which he prays will work damage to

some one [sic] else." *Id.* (internal quotation marks and citation omitted).

The Court has considered each of these factors and finds that another stay in this matter is not warranted. The JPML has set a hearing date of December 3, 2020 to consider the motion for consolidation of the Erie cases. *See* ECF No. 28 ¶ 10. Laser Spa asserts, citing a law review article, that "[a] JPML transfer decision '[u]sually [occurs] within two weeks of the oral argument . . .'" ECF No. 28 at 3 (citing John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 TUL. REV. 2225, 2244 n.88 (2008)). That means that the JPML's decision would likely come, *at the earliest*, on December 17, 2020. There is ample time for the Court to receive full briefing on Erie's pending motion and render a decision well before December 17, 2020. The Court agrees with the reasoning in *Sullivan v. Cottrell, Inc.*, No. 11CV1076S, 2012 WL 694825, at *5 (W.D.N.Y. Feb. 29, 2012):

> The earliest the JPML can render a decision on the transfer motion is March 29, 2012, when it is scheduled for oral argument. Given the briefing schedule for [Defendant's] motion to dismiss . . . this Court can recommend a resolution of [that] motion[] before the JPML addresses the transfer question. . . . The pending motion[ ] . . . to dismiss, in fact, may delay the transfer, if the JPML awaits [its] resolution by this Court before deciding whether to grant a transfer.

Additionally, the Court agrees with Erie that there are other pending actions against Erie related to insurance coverage of COVID-19 business-related losses, including a case in this District in which the Plaintiff has responded to Defendants' dispositive motion and there is no motion for stay and/or consolidation. *See* ECF No. 32 at 5. With this and other cases moving forward, the Court is unpersuaded that a stay in this action would protect Laser Spa from inconsistent rulings. *Id.* Accordingly, the Court denies Laser Spa's request for a stay in this matter. Laser Spa is directed to respond to Erie's pending motion as set out in the briefing schedule below.

## II.   Subject Matter Jurisdiction

A federal district court is one "of limited jurisdiction, whose powers are confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). As relevant here, Congress has granted federal district courts original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also, e.g.*, *Exxon*, 545 U.S. at 553–54 (noting the requirement of "complete diversity").

"[T]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotation marks and citations omitted). Complete diversity exists where each plaintiff's citizenship is different from the citizenship of each defendant. *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). The citizenship of an LLC derives from the citizenships of its members. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000). Citizenship is assessed as of the date on which the complaint was filed. *See OneWest Bank v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016).

Although neither party has questioned this Court's subject matter jurisdiction, the Second Circuit and the Supreme Court have "noted the existence of an 'inflexible' rule that 'without exception' requires federal courts, on their own motion, to determine if jurisdiction is lacking." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

In its Complaint, Laser Spa asserts the following with respect to the parties' citizenship and this Court's jurisdiction over this matter:

- "This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and the Defendant. Further, Plaintiff has suffered business losses in an amount greater than $150,000.00. The amount in controversy necessary for diversity jurisdiction over a declaratory judgment action is measured by the value of those business losses. *Id.* at § 1332(a)." ECF No. 1 ¶ 5.

- "Plaintiff Laser Spa of Rochester LLC, doing business as Spitale Laser Spa Salon ("Spitale"), is a Limited Liability Company authorized to do business and doing business in the State of New York, County of Monroe. Laser Spa of Rochester LLC owns, operates, manages, and/or controls Spitale Laser Spa Salon located at 59 Celebration Drive in Rochester, NY 14620." ECF No. 1 ¶ 8.

- "Defendant Erie Insurance Company ("Erie") is a corporation doing business in the County of Erie, State of Pennsylvania, and provides business interruption coverage to its insureds, including Plaintiff." ECF No.1 ¶ 9.

For the purposes of pleading diversity, it is Laser Spa's duty to identify the citizenship of the *members* of Laser Spa, since the citizenship(s) of an LLC's members dictate the citizenship(s) of an LLC. *See Handelsman*, 213 F.3d at 51-52. Based on the above allegations, the Court cannot be certain that the parties are diverse without an accounting of the citizenship(s) of Laser Spa's member(s). Accordingly, Laser Spa is directed to address this jurisdictional issue in its response to Erie's motion to dismiss.

## CONCLUSION

For the reasons stated above, Laser Spa's motion to stay, ECF No. 28, is DENIED. Laser Spa has until October 12, 2020 to respond to Erie's motion to dismiss, ECF No. 5. Laser Spa will not be granted any further extensions. Erie may reply by October 27, 2020. In addition, as explained above, Laser Spa is directed to address the citizenship of its members in its response to Erie's motion to dismiss so that the Court may be satisfied that there are no jurisdictional issues. SO ORDERED.

Dated:  October 5, 2020
         Rochester, New York

                               _____
                               HON. FRANK P. GERACI, JR.
                               Chief Judge
                               United States District Court